19-MJ-7321-JCB

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A COMPLAINT

I, Special Agent Christina Riebandt, being sworn, state:

## INTRODUCTION

1. I am currently a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since 2018. I am present assigned to the Boston Field Division. Prior to being a Special Agent, I was employed as an intelligence analyst since approximately 2012. As part of my training to become a special agent, I attended the FBI academy in Quantico.

## PURPOSE OF AFFIDAVIT

2. I submit this affidavit in support of a Criminal Complaint charging Willin ARIAS-CASTILLO ("CASTILLO") with violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), possession with intent to distribute fentanyl, and distribution of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide).

3. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral reports made to me by agents of the FBI and other federal, state, and local law enforcement agencies, including Massachusetts State Police ("MSP") and Homeland Security Investigations ("HSI").

4. As a result of the collective training and experience of those assigned to this investigation, the methods, routines, and practices of individuals involved in the use, sale, and trafficking of narcotics are known to law enforcement. Officers are also familiar with the various paraphernalia used to manufacture, compound, process, deliver, and dispense, import and export, and use controlled substances such as methamphetamine, fentanyl, heroin, cocaine, marijuana, prescription medications, and others. Agents and officers assisting with this investigation have

debriefed numerous defendants, informants, and witnesses who have had personal knowledge about drug activities and the operation of drug trafficking organizations. Those agents and officers have sworn out numerous affidavits in support of search warrants, arrest warrants, and other court applications.

5.      This Affidavit is submitted for the limited purpose of establishing probable cause to believe that CASTILLO has committed the above offense.  Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## EVIDENCE IN SUPPORT OF PROBABLE CAUSE

**September 3, 2019**

6.      On Tuesday, September 3, 2019, officers conducted an undercover narcotics operation in Lawrence, Massachusetts. Troopers Andrew DaSilva and Carol Mansi worked as undercovers ("UCs") with the goal of purchasing narcotics. The UCs were utilizing a UC vehicle and utilizing an audio monitoring device for safety that was not recorded. Several officers in unmarked vehicles conducted surveillance.

7.      The UCs made a series of calls and texts to "Willy" at 617-712-9116 in the afternoon and negotiated the sale of "a finger of brown for $250," known to investigators to be approximately 10 grams of heroin/fentanyl. At approximately 3:30pm, the male on the phone directed the UCs to the area of 700 Essex Street in Lawrence, "Market Basket," to meet to make the heroin/fentanyl purchase. The male voice had a Hispanic accent and broken English.

8.      The UCs traveled to the Methuen Market Basket parking lot in a UC vehicle and parked. At approximately 3:34pm the male "Willy" called the UCs and said he was there. The UCs described their vehicle and the male "Willy" said he was in a Gray Nissan van. Surveillance and the

UCs described a gray Nissan Quest driving in the lot towards the UCs with a Rhode Island registration. The Gray Nissan van parked near the UCs.

9. Tpr. DaSilva exited the UC vehicle and entered the Gray Nissan Van. The occupant, later identified as CASTILLO, was a Hispanic, male wearing a baseball hat and purple t-shirt. CASTILLO handed the UC a paper bag and the UC handed the target $250 in U.S. currency "buy money." Tpr. DaSilva opened the paper bag and observed four "fingers" within an outer green plastic wrap.

10. Tpr. DaSilva handed the four "fingers" of fentanyl back to CASTILLO and explained he was paying $250 for one finger. CASTILLO ripped open the green plastic wrap and removed one "finger" and handed it to the Tpr. DaSilva. CASTILLO was frustrated and believed the drug deal was for four "fingers," not one.

11. Tpr. DaSilva exited and CASTILLO drove away in the Gray Nissan Van. Tpr. Shea took a photograph of CASTILLO as he drove away and Tpr. DaSilva positively identified the image as the target who had sold him the approximately 10 grams of fentanyl.

12. Tpr. DaSilva handed the evidence to Tpr. McIntyre who logged in and secured the evidence. Tpr. McIntyre showed Tpr. DaSilva a digital image of Willin ARIAS-CASTILLO, dob: xx/xx/1984, from a Dominican identification document, more commonly known as a cedula. Tpr. DaSilva positively identified Willin ARIAS-CASTILLO, dob: xx/xx/1984 as "Willy," the target from the Gray Nissan Van who had sold the Tpr. DaSilva the above 10 gram "finger" of fentanyl/heroin for $250.   The controlled substance was weighed to be 10.2 grams.

### September 5, 2019

13. On Thursday, September 5, 2019, officers conducted an undercover narcotics operation in Lawrence, Massachusetts. MSP Troopers Andrew DaSilva and Carol Mansi worked as undercover (UCs) with the goal of purchasing narcotics. The above UCs were utilizing a UC

vehicle and utilizing a kel audio monitoring device for safety that was not recorded. Several officers in unmarked vehicles conducted surveillance.

14. The UCs made a series of calls and texts to "Willy" at 617-712-9116 at approximately 6:00pm and negotiated the sale of four fingers of brown for $1000, known to investigators to be approximately 40 grams of heroin/fentanyl. At approximately 6:10pm, a male voice suspected to be "Willy," told the UCs to be at the Market Basket in Methuen in two minutes.

15. The UCs parked at the Market Basket lot and minutes later, CASTILLO wearing a green t-shirt, walked up to and entered the UC vehicle. CASTILLO directed the UCs to park across the street in the car wash. The UCs drove to the car wash, and CASTILLO handed over four clear plastic bags (cylindrical in shape) wrapped in green plastic containing tan powdery substance of suspected heroin/fentanyl packaged into "4 fingers" as agreed. The UCs handed CASTILLO $1,000 in pre-recorded U.S. currency.

16. CASTILLO then exited the UC vehicle and entered a nearby maroon minivan operated by another individual and drove away.

### September 11, 2019

17. On Wednesday, September 11, 2019, officers conducted an undercover narcotics operation in Lawrence, Massachusetts. MSP Troopers Andrew DaSilva and Carol Mansi worked as UCs with the goal of purchasing narcotics. The UCs were utilizing a UC vehicle and utilizing a kel audio monitoring device for safety that was not recorded. Several officers in unmarked vehicles conducted surveillance.

18. The UCs made a series of calls and texts to "Willy" at 617-712-9116, in order to negotiate the purchase of 12 fingers of "brown," which I know to be approximately 120 grams of

heroin/fentanyl. The negotiated price was for $2,800. The UCs agreed to conduct the transaction at the Market Basket parking lot in Methuen, Massachusetts.

19. The UCs proceeded parked at the Market Basket lot. CASTILLO arrived driving gray Kia Sportage, Mass. Reg. 369YA2 (the "Gray Kia") and parked near the UC vehicle. Tpr. DaSilva exited the UC vehicle and entered the passenger seat of the Gray Kia, and observed CASTILLO to be operating it. There were no other occupants.

20. While in the Gray Kia, Tpr. DaSilva observed the controlled substances on CASTILLO's lap. The controlled substances were packaged in green plastic wrap. Within the green plastic wrap, Tpr. DaSilva observed twelve clear plastic cylinder-shaped bags of tan/brown powdery substance consistent with heroin/fentanyl. After observing the controlled substances in the vehicle, Tpr. DaSilva stated the code-word alerting other law enforcement officers that he had observed the narcotics and to make the arrest of CASTILLO.

21. At that point, CASTILLO stated "Policia" and drove around the Market Basket parking lot with Tpr. DaSilva still in the vehicle. Officers pursued CASTILLO as he drove the vehicle. MSP Det. Lt. Aumais and Tpr. DaSilva observed CASTILLO throw the green plastic wrap package out of the driver's window. The Gray Kia driven by CASTILLO then collided head-on with an unmarked police vehicle. At this point officers placed CASTILLO under arrest.

22. That green plastic wrap package containing the twelve clear plastic cylindrical bags of tan/brown powdery substance was recovered by Det. Lt. Aumais, and taken into custody by Sgt. Telford. Shortly thereafter, the tan/brown powdery substance was then field-tested and

the test indicated positive for fentanyl and/or methamphetamine.[1] The tan/brown powdery substance was also weighed to be 126.46 grams with packaging.

## CONCLUSION

23.   Based on the foregoing, there is probable cause to believe that on September 11, 2019, WILLIN ARIAS-CASTILLO did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, to wit: fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

I declare that the foregoing is true and correct.

_____
Special Agent Christina Riebandt
Federal Bureau of Investigation

Subscribed and sworn to before me, this 11th day of September, 2019.

_____
HONORABLE JENNIFER C. BOAL
United States Magistrate Judge
District of Massachusetts

---

[1] The government is only seeking to charge the September 11, 2019, incident as of today, because the suspected fentanyl/heroin from September 3, 2019, and September 5, 2019, were not field-tested, and I did not observe those incidents.