UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 19-7321-JCB

UNITED STATES OF AMERICA

v.

WILLIN ARIAS-CASTILLO

**ORDER ON GOVERNMENT'S MOTION FOR DETENTION**

September 27, 2019

Boal, M.J.

Defendant Willin Arias-Castillo is charged in a complaint with possession with the intent to distribute and distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1). An initial appearance was held on September 11, 2019, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act) and 3142(f)(2)(A) (risk of flight).

The undersigned held a probable cause and detention hearing on September 18, 2019.[1] The government called Massachusetts State Police Trooper Francis Walls, whom the defendant cross-examined, and introduced seven exhibits into evidence. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services Report recommending detention, I order the defendant detained pending trial.

---

[1] At the conclusion of the hearing, I found that the government had sufficiently shown probable cause.

1

I.    **ANALYSIS**

    A.    **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger arises. 18 U.S.C. § 3142(e). The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community. United States v. Jessup, 757 F.2d 378, 384 (1st Cir.

1985), abrogated on other grounds by, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the government. Jessup, 757 F.2d at 381.

### B. Nature Of The Offense

Arias-Castillo is charged with possession with intent to distribute and distribution of fentanyl based on a September 11, 2019 transaction whereby the defendant allegedly sold approximately 126 grams of fentanyl to an undercover officer. While not charged in this case, the complaint also references two other instances where Arias-Castillo allegedly sold fentanyl to an undercover officer, on September 3 and September 5, 2019.

### C. Defendant's History And Characteristics

Arias-Castillo, age 35, was born in the Dominican Republic. He has worked as a mechanic in Lawrence, Massachusetts for the last six months. Arias-Castillo represented that, if released, he would be able to return to this employment.

He does not appear to have a criminal record in the United States. According to the defendant's automated FBI record, it appears that he was arrested in the Dominican Republic for robbery in 2010. The defendant disputes this charge.

### D. Risk Of Flight

Arias-Castillo has no legal status in the United States. He lives alone in Lawrence, Massachusetts. He has a long-time girlfriend, who resides in the Dominican Republic with their two children. His mother and siblings also live in the Dominican Republic.

Arias-Castillo reported that he has a passport from the Dominican Republic. He denies traveling anywhere outside of Massachusetts since coming to the United States.

At the time of his arrest, Arias-Castillo was in the possession of an identification under an alias.

### E. Dangerousness

The instant charge against Arias-Castillo is one of narcotics trafficking, which is encompassed within Congress' definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985).

### F. Assessment Of All Factors

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention. The defendant proposed that he be released subject to electronic monitoring. However, in light of the nature of the present charges, the use of an alias, his lack of significant ties to the community, and the presumption applicable to this case, the undersigned finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Willin Arias-Castillo be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Willin Arias-Castillo be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Willin Arias-Castillo is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge